UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NATALIE MCINTOSH f/k/a
NATALIE LEONARDO,

                                Plaintiff,

   -vs-

BALDWIN REAL ESTATE CORPORATION,

                                Defendant.

**DISCRIMINATION COMPLAINT**
(Plaintiff Demands Trial by Jury)

Civil Action No.: _____

The Plaintiff, Natalie McIntosh, f/k/a Natalie Leonardo (hereinafter "Plaintiff"), by and through her attorneys, Evans Fox LLP, as and for her Complaint against Baldwin Real Estate Corporation (hereinafter "Baldwin" or "Defendant"), in the above-captioned matter, alleges as follows:

## BACKGROUND

1. This action is brought by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §2000e et seq. (as amended) (hereinafter referred to as "Title VII"), and the New York State Human Rights Law, Executive Law §§ 290 to 297 (hereinafter referred to as "NYSHRL") on the grounds that the Plaintiff was unlawfully discriminated against by Defendant because of the Plaintiff's protected status as a pregnant female.

2. In so discriminating against the Plaintiff because of her status as a pregnant female, the Defendant terminated Plaintiff's employment.

1

## JURISDICTION AND VENUE

3. Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 42 U.S.C. §§ 1331, 1343, and any related claims under New York Law.

4. Venue is proper pursuant to 28 U.S.C. § 1391.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. A Charge of Discrimination was signed by the Plaintiff on September 18, 2019, and was received by the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") on November 25, 2019. A copy of said Charge of Discrimination is annexed hereto as Exhibit A.

6. The Defendant's Position Statement was dated and received by the EEOC on July 16, 2020.

7. The Plaintiff responded by way of letter dated November 23, 2020.

8. The EEOC did not make a decision on the Charge of Discrimination, but instead issued a letter to the Plaintiff on/or about December 14, 2020, in which the EEOC indicated that it had concluded the processing of Plaintiff's Charge of Discrimination and that it had issued a Notice of Dismissal.

9. With the Notice of Dismissal, the EEOC also issued a letter to Plaintiff notifying her that she had permission to file suit in federal court (hereinafter referred to as the "Right to Sue Letter"). Annexed hereto as Exhibit B is the EEOC's December 14 letter, along with the enclosures thereto, including the Right to Sue Letter.

10. Less than 90 days has elapsed since the Plaintiff has received the Right to Sue Letter from the EEOC.

## PARTIES

11.     The Plaintiff is an individual woman who is a former employee of the Defendant and a resident of the County of Ontario and State of New York.

12.     Upon information and belief, Baldwin Real Estate Corporation is a New York Domestic Business Corporation with a principal place of business in the City of Rochester, County of Monroe, State of New York, and is an employer within the meaning of 42 U.S.C. §2000e(b).

13.     Upon information and belief, Baldwin is in the business of owning, managing, and renting apartment units to tenants.

## FACTS

14.     The Plaintiff commenced her employment with the Defendant in/or around June 2011, when she accepted a position as a full-time Community Manager for Daniel's Creek Apartments, an apartment community managed by the Defendant.

15.     As Community Manager, Plaintiff conducted the standard duties of the job, as well as additional projects, assignments, and leadership roles that were given to her because of her exemplary performance.

16.     Plaintiff received a number of merit-based increases in her salary, which began less than one year into her employment with the Defendant.

17.     Specifically, Plaintiff received annual performance-based raises at a minimum of a three percent increase and off rotation non-annual raises for performance and achievements with the company throughout the year.

18.     Plaintiff also received raises in February 2018 and in the late summer months of 2018 based on her exceptional performance and the terms of her outstanding annual review.

19. In/or around the beginning of 2018, Plaintiff was given additional responsibilities with Defendant, which continued until her wrongful termination.

20. In/or around July 2018, Plaintiff notified Alan Regan, her then direct supervisor, that she was pregnant and due to have a child in February 2019. Shortly thereafter, Mr. Regan was transferred to another position with Defendant, and Plaintiff's direct supervisor became Dennis Pragel.

21. In/or around October 2018, Plaintiff notified the President of Baldwin, William Durdel, of her pregnancy.

22. Upon information and belief, on/or about November 9, 2018, Mr. Pragel resigned from his position with Defendant, and Plaintiff began reporting directly to Mr. Durdel.

23. Shortly thereafter and on/or about November 29, 2018, Mr. Durdel wrongfully terminated Plaintiff's employment with Baldwin despite her outstanding past performance reviews and performance-based raises.

24. Said termination was a result of the intentional discrimination by the Defendant against the Plaintiff on the basis of her status as a pregnant woman.

25. On that same day, residents of Daniel's Creek were informed that Plaintiff was "leaving the position as Community Manager," and that her position was being taken over by another member of the management team.

26. There was no legitimate non-discriminatory reason for the Defendant's termination of the Plaintiff's employment, as the Plaintiff never had any work performance issues and was an exemplary employee that received numerous merit-based raises and positive performance reviews as detailed herein.

27. Any reason proffered by the Defendant for the Plaintiff's termination is pretextual as a matter of law.

28. Despite Plaintiff's best efforts, the Plaintiff has been unable to find comparable employment since being terminated from the Defendant's employ.

29. The Plaintiff has suffered economic damages as a result of said wrongful discrimination and termination.

### AS AND FOR A FIRST CAUSE OF ACTION FOR DISCRIMINATION IN EMPLOYMENT UNDER TITLE VII AGAINST THE DEFENDANT

30. The Plaintiff repeats and reiterates each and every allegation heretofore previously pled in paragraphs 1-29 above as if each and every allegation set forth therein is more fully set forth herein.

31. At all times herein mentioned, the Plaintiff was a pregnant female employee of the Defendant.

32. At all times herein mentioned, the Plaintiff remarkably performed her duties as Community Manager at Daniel's Creek.

33. Shortly after the Plaintiff announced she was pregnant, Mr. Durdel, in his capacity as Plaintiff's direct supervisor, terminated Plaintiff's employment with the Defendant.

34. The Plaintiff's position with the Defendant was filled by a non-pregnant woman.

35. There was no legitimate non-discriminatory reason for the Defendant's termination of the Plaintiff's employment.

36. As a proximate result of the Defendant's discrimination against the Plaintiff on the basis of her pregnancy, the Plaintiff has suffered and continues to suffer substantial loss, including loss of past and future earnings, bonuses, deferred compensation and other employment benefits.

37. As a further proximate result of the Defendant's actions, the Plaintiff has suffered and continues to suffer impairment and damage to the Plaintiff's good name and reputation.

38. As a further proximate result of the Defendant's actions, the Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

39. The conduct of the Defendant was outrageous and malicious, was intended to injure the Plaintiff, and was done with reckless indifference to the Plaintiff's protected civil rights, entitling Plaintiff to an award of punitive damages.

40. Therefore, and based upon all of the foregoing, the Plaintiff is entitled to an Order awarding consequential, incidental and punitive damages against the Defendant in an amount to be determined by the trier of fact, along with reimbursement of the Plaintiff's attorneys' fees and costs.

## AS AND FOR THE SECOND CAUSE OF ACTION FOR DISCRIMINATION IN EMPLOYMENT UNDER NEW YORK STATE HUMAN RIGHTS LAW AGAINST THE DEFENDANT

41. The Plaintiff repeats and reiterates each and every allegation heretofore previously pled in paragraphs 1-40 above as if each and every allegation set forth therein is more fully set forth herein.

42. By the actions described above, among others, Defendant discriminated against Plaintiff based on her gender and pregnancy in violation of the NYSHRL, including, but not limited to, by terminating Plaintiff's employment without any legitimate, non-discriminatory reason and filling her position with a non-pregnant female immediately thereafter.

43. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer monetary and economic harm for which she is entitled to an award of damages.

44. As a further direct and proximate result of Defendant's actions, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress for which she is entitled to an award of compensatory damages and other relief.

45. Plaintiff is further entitled to an award of punitive damages as Defendant's unlawful discriminatory conduct was reckless, wanton, and malicious.

46. Therefore, and based upon all of the foregoing, the Plaintiff is entitled to an Order awarding consequential, incidental and punitive damages against the Defendant in an amount to be determined by the trier of fact, along with reimbursement of the Plaintiff's attorneys' fees and costs.

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

a. As and to the Plaintiff's First Cause of Action: An Order awarding the following relief to the Plaintiff:

   i. Judgment for loss of wages, benefits, and promotional opportunities, including an award of front pay compensating the Plaintiff for loss of future salary and benefits;

   ii. Compensation for the Plaintiff's mental anguish, humiliation, embarrassment, and emotional injury;

   iii. Judgment for punitive damages based on the wanton, willful and gross misconduct of the Defendant in an amount to be determined by the jury sufficient to deter similar conduct;

   iv. An injunction enjoining the Defendant from engaging in the wrongful practices herein;

   v.  Judgment for reasonable attorneys' fees and costs of the action, including attorneys' fees for representation before the EEOC as required before commencing proceedings in this federal action; and

   vi.  Such other and further relief as this Court may deem just and proper.

  b. As and to the Plaintiff's Second Cause of Action: An Order awarding the following relief to the Plaintiff:

   i.  Judgment for loss of wages, benefits, and promotional opportunities, including an award of front pay compensating the Plaintiff for loss of future salary and benefits;

   ii.  Compensation for the Plaintiff's mental anguish, humiliation, embarrassment, and emotional injury;

   iii.  Judgment for punitive damages based on the wanton, willful and gross misconduct of the Defendant in an amount to be determined by the jury sufficient to deter similar conduct;

   iv.  An injunction enjoining the Defendant from engaging in the wrongful practices herein;

   v.  Judgment for reasonable attorneys' fees and costs of the action; and

   vi.  Such other and further relief as this Court may deem just and proper.

Dated: March 2, 2021
   Rochester, New York

                   s/Matthew M. Piston
                   Evans Fox LLP
                   Attorneys for Plaintiff
                   100 Meridian Centre Blvd., Ste. 300
                   Rochester, New York 14618
                   (585) 787-7000
                   mpiston@evansfox.com